UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO COMMONS LLC,<br><br>             Plaintiff,<br><br>       v.<br><br>ROBERT D. EBERWEIN,<br><br>             Defendant. | Case No. 16-cv-04896-JD<br><br>**ORDER RE: NOTICE OF REMOVAL**<br><br>Re: Dkt. No. 1 |

       This case involves an action for unlawful detainer filed by plaintiff Lorenzo Commons, LLC for damages under $10,000 in Alameda County on June 16, 2016. Dkt. No. 1 at 10. On August 24, 2016, pro se defendant Robert D. Eberwein removed this action and filed an accompanying application to proceed *in forma pauperis*. Dkt. Nos. 1 & 2. The Court finds this case was removed improvidently and without jurisdiction. The Court remands the action to Alameda County Superior Court.

       A defendant may remove a civil action from state court to federal court if original jurisdiction would have existed at the time the complaint was filed. 28 U.S.C. § 1441(a). "The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

       Defendant Eberwein has indicated that the basis for this Court's jurisdiction rests on federal question. Dkt. No. 1 at 25. For this court to have federal question jurisdiction, the plaintiff's case must arise under federal law. 28 U.S.C. § 1331. And the federal question on which jurisdiction is premised must "'be disclosed on the face of the complaint'" not "supplied via

a defense." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086 (9th Cir. 2009) (quoting *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127–28 (1974)).  Plaintiff's complaint alleges a single claim for unlawful detainer and no other causes of action.  Dkt. No. 1 at 10-13.  It is established that "the right to relief on the unlawful detainer action does not depend on the resolution of a substantial question of federal law."  *Litton Loan Servicing, L.P. v. Villegas*, Case No. C 10-05478 PJH, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011).  Defendant's brief description of the cause of action states "Whisateblower retaliation for Attorney's [banks as attorneys for RMBS] filing in the wrong court and seizing property."  Dkt. No. 1 at 25.  It is impossible to discern from defendant's notice of removal any of the essential details that would trigger federal court jurisdiction or the legal theories for which he seeks relief in federal court.  Even so, any possible federal question defenses would not arise as part of the well-pleaded complaint.  Defendant has not met his burden of establishing federal question jurisdiction under 28 U.S.C. § 1331.

Federal district courts may also have jurisdiction over suits for more than $75,000 where the citizenship of each plaintiff is different from that of each defendant.  28 U.S.C. § 1332.  The damages sought in the complaint are less than $10,000.  Dkt. No. 1 at 10.  In unlawful detainer actions, the amount of damages sought in the complaint, not the value of the real property, determines the amount in controversy.  *See Litton Loan Servicing*, 2011 WL 204322 at *2.  Although the defendant indicates that the parties are diverse, this Court lacks diversity jurisdiction under 28 U.S.C. § 1332 because the jurisdictional amount in controversy is not satisfied.  Accordingly, the case is remanded to Alameda County Superior Court.

**IT IS SO ORDERED.**

Dated: September 19, 2016

_____
JAMES DONATO
United States District Judge